O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAC GROUP, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> MAXIM GROUP, LLC, a New York limited liability company; EDWARD L. ROSE, an individual, <br><br> Defendants. | Case No. CV 12-00587 DDP (FFMx) <br><br> **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** <br><br> [Motion filed on 1/30/12] |

Presently before the court is Plaintiff's Ex Parte Application for a Temporary Restraining Order ("TRO") restraining Defendants from transferring any interest in a Promissory Note issued by third party Genova Financial Group Ltd. ("Gerova").

Defendants are the beneficiaries of a Promissory Note("the Note") issued by Gerova, which is organized in Bermuda. Plaintiff alleges that on December 29, 2011, the parties entered into an agreement, under which Plaintiff would purchase the Note for $250,000. (Complaint ¶¶ 12-13.) Defendants dispute that an agreement was reached. (Opposition at 7.) On January 12, 2012,

Defendant Edward L. Rose, Defendant's Vice President and General Counsel, informed Plaintiff that Defendants had found another buyer for the Note, and would not be transferring the note to Plaintiff. (Declaration of Alex. M. Weingarten in Support of Ex Parte Application for TRO ¶ 20).  Plaintiff proceeded to file the instant suit, and now seeks a TRO preventing Defendant from transferring the Note to the new buyer.

A temporary restraining order is meant to be used only in extraordinary circumstances.  To establish entitlement to a TRO, the requesting party must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.  Winter v. Natural Res. Defense Counsel, 129 S.Ct. 365, 374 (2008).  A TRO may be warranted where a party (1) shows a combination of probable success on the merits and the possibility of irreparable harm, or (2) raises serious questions and the balance of hardships tips in favor of a TRO.  See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases."  Id.  Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury."[1]  Id.

---

[1] Even under the "serious interests" sliding scale test, a plaintiff must satisfy the four Winter factors and demonstrate "that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

2

As an initial matter, it does not appear to the court that Plaintiff's counsel ever notified Defendants of this application. A court may issue a temporary restraining order

> without written or oral notice to the adverse party or its attorney *only if*: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added); See also C.D. Cal. L.R. 7-19.1. Basic principles of due process generally require the adverse party to have notice and opportunity to be heard. Where the party seeking relief has had significant notice of the impending harm, it is inimical to the spirit and intent of those due process notions – as well as basic concepts of fairness – for a plaintiff to take an approach which avoids any chance of determination on the merits. Plaintiff has not provided an explanation for its failure to provide notice to Defendant.

Furthermore, Plaintiff fails to adequately show that it is likely to suffer irreparable harm in the absence of a TRO. Plaintiff has invested $5 million in Gerova. (Application at 1, 9). Plaintiff suggests that it sought to acquire the Note at issue here in order to protect Gerova from potential creditors and, by so doing, protect Plaintiff's $5 million investment. (App. at 7.) Plaintiff asserts that the new purchaser of the Note is a business adversary of Gerova, and that the new purchaser will use the Note to drive Gerova out of business by forcing it into involuntary insolvency and unwinding in Bermuda. (App. at 2). Plaintiff further asserts that it "will potentially be destroyed because it

3

will lose all, or substantially all of its Gerova investments." (App. at 8.)

Plaintiff does not provide any explanation of how, aside from its potential role in larger adversarial business schemes, the Note is itself unique or why money damages would be an insufficient remedy for Defendants' alleged breach. Though Plaintiff's insolvency might constitute irreparable harm, that outcome is highly uncertain, as Plaintiff implicitly acknowledges by arguing that, even if Plaintiff's speculative scenario plays out as described, Plaintiff "will potentially be destroyed." Furthermore, it does not appear to the court that a TRO is necessary to halt the transfer of the Note to the new buyer. As Plaintiff itself points out, the Note contains an anti-assignment clause. (App. at 8-9). In other words, the Note cannot be transferred to the new buyer (or any other buyer) without Gerova's consent. In seeking a TRO, Plaintiff asks that this court restrain Defendant from doing something that, by Plaintiff's own admission, Defendant cannot itself do. Under such circumstances, Plaintiff cannot show that it will suffer irreparable harm in the absence of preliminary relief.

For the reasons stated above, Plaintiff's Application for a Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Dated: February 2, 2012

DEAN D. PREGERSON
United States District Judge

4